JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SEIKO EPSON CORPORATION,** a Japan corporation; **EPSON AMERICA, INC.,** a California corporation; and **EPSON PORTLAND INC.,** an Oregon corporation,<br><br>            Plaintiffs,<br><br>   v.<br><br>**PLANET GREEN CARTRIDGES, INC.**, a California corporation; **SHARON LEVI**, an individual; and **NATALYA LEVI**, an individual,<br><br>            Defendants. | Case No.: 2:23-cv-02692-AB-JC<br><br>**STIPULATED FINAL ~~[PROPOSED]~~ CONSENT JUDGMENT AS TO PLANET GREEN CARTRIDGES, INC.** |

## CONSENT JUDGMENT

The parties having considered the facts and applicable law and having agreed to the entry of this Stipulated Final Consent Judgment and Permanent Injunction ("Consent Judgment"), and the parties having stipulated that there is no just reason for delaying entry of final judgment in this action as to Planet Green Cartridges, Inc. (referred to herein as "Planet Green" or "Defendant"), it is hereby ordered, adjudged, and decreed as follows:

## FINDINGS OF FACT

1.     Plaintiff Seiko Epson Corporation ("Seiko Epson") is a corporation organized and existing under the laws of Japan. Its principal place of business is located at 3-3-5 Owa Suwashi Nagano-Ken, 392-8502, Japan. Seiko Epson is in the business of manufacturing and selling a wide variety of consumer, commercial and industrial products, including ink cartridges for use with Epson printers.  Subject to the exclusive licenses described below, it owns all right, title, and interest in, including the right to sue thereon and the right to recover for infringement thereof, the '116 Patent defined below.

2.     Plaintiff Epson America, Inc. ("Epson America") is a corporation organized and existing under the laws of the State of California. Its principal place of business is located at 3131 Katella Avenue, Los Alamitos, California 90720.  As the North American sales, marketing, and customer service affiliate of Seiko Epson, Epson America is the exclusive licensee of the '116 Patent for distributing in the United States products that are covered by the '116 Patent.

3.     Plaintiff Epson Portland Inc. ("Epson Portland") is a corporation organized and existing under the laws of the State of Oregon. Its principal place of business is located at 3950 NE Aloclek Drive, Hillsboro, Oregon 97124.  Epson Portland maintains an exclusive license to manufacture products in the United States under the '116 Patent.  Collectively, plaintiffs Seiko

Epson, Epson America, and Epson Portland are sometimes hereinafter referred to as "Epson" or "Plaintiffs."

4. Defendant Planet Green is a corporation organized and existing under the laws of the State of California. It heretofore has been in the business, among others, of selling ink cartridges in the United States, including in the Central District of California.

5. Defendant has sold within and offered to sell within the United States, including in the State of California, remanufactured ink cartridges for use with Epson printers.

6. Epson owns all right, title, and interest in, including the right to sue thereon and the right to recover for infringement thereof, United States Patent No. 8,454,116 ("the '116 Patent"), which was duly and legally issued to Seiko Epson by the United States Patent and Trademark Office on June 4, 2013.

7. The '116 Patent relates generally to certain ink cartridges for printers and components thereof.

8. Epson brought this action against Defendant for infringement of the '116 Patent.

9. Defendant has sold within, and offered to sell within, the United States, including the State of California, certain remanufactured ink cartridges (for use with Epson printers) having replacement aftermarket circuit boards not made by Epson that Epson has alleged infringe claims 18-24 of the '116 Patent (hereinafter, the "Accused Products"). The Accused Products include ink cartridges, and circuit boards, and/or components thereof, whether or not the circuit boards are assembled to an ink cartridge or loose or in any shape or form. A listing of the Accused Products is attached hereto as "Attachment A" and is incorporated herein by reference.

10. Any finding of fact which is deemed to be a Conclusion of Law is hereby adopted as such. Any Conclusion of Law which is deemed to be a finding of fact is hereby adopted as such.

11. The parties seek to terminate this litigation through this Consent Judgment.

## **CONCLUSIONS OF LAW**

12. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271. This Court has subject matter jurisdiction over the claims for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13. The parties agree that this Court has personal jurisdiction over the parties, and that venue may be had in this district.

14. For purposes of enforcement of this Consent Judgment, Defendant will not challenge the validity and enforceability of the claims of the '116 Patent.

15. The parties intend and this Court explicitly orders that this Consent Judgment bars Defendant from contending in this action or any other proceeding that the Accused Products and other products that are not colorably different therefrom do not infringe the '116 Patent.

16. This Consent Judgment shall finally conclude and dispose of this litigation as to the parties to this Consent Judgment, and this Judgment shall be entitled to issue and claim preclusion effect.

**IT IS HEREBY FOUND, ORDERED, ADJUDGED, AND DECREED THAT:**

A. Defendant and its officers and directors, agents, servants, employees, attorneys, and distributors, who are in active concert or participation with, through, or under it and who receive actual notice of this Judgment by personal service or otherwise, shall not make, use, sell,

offer to sell, or import into the United States the Accused Products or any products no more than colorably different therefrom.

  B. This Consent Judgment shall become null and void on the expiration date of the '116 Patent. This Consent Judgment shall not apply with respect to any claim of an intellectual property right that has expired or been found or adjudicated invalid or unenforceable by a court of competent jurisdiction, provided that such finding or judgment has become final and non-reviewable.

  C. Nothing in this Consent Judgment shall be construed as an admission of liability by the Defendant, and Defendant does not concede liability.

  D. This Court retains exclusive jurisdiction of this action, and the parties consent to venue in this Court, for the purpose of insuring compliance with this Consent Judgment and enforcement of the Confidential Settlement Agreement.

  E. No appeal shall be taken by any party from this Consent Judgment, the right to appeal from this Consent Judgment being expressly waived by the parties.

  F. This Consent Judgment shall finally conclude and dispose of all claims and counterclaims of Plaintiffs against Defendant and Defendant against Plaintiffs with prejudice.

  G. Each party shall bear its own costs and attorneys' fees.

  H. Final Judgment shall be entered hereto, forthwith, without further notice.

**IT IS SO ORDERED.**

Dated:  October 2, 2023

                    Honorable André Birotte Jr.
                    United States District Court Judge